E-FILED – JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-0991-GHK (JPRx) | Date | April 21, 2016 |
|---|---|---|---|
| Title | *Rosa Duarte v. Wells Fargo Mortgage, et al.* | | |

| Presiding: The Honorable | **GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers) Order re:** Motion to Remand [Dkt. 13]

   This matter is before us on Plaintiff Rosa Duarte's ("Plaintiff") Motion to Remand ("Motion"). We have considered the papers filed in support of and in opposition to the Motion and deem this matter appropriate for resolution without oral argument.  L.R. 7-15.  As the Parties are familiar with the facts, we will repeat them only as necessary.  Accordingly, we rule as follows:

**I.   Background**

   Plaintiff purchased property (the "Property") on August 30, 2006 using a $331,000 loan from World Savings Bank, FSB.[1]  (Complaint ("Compl.") ¶¶ 9-10.)  The loan was secured by a Deed of Trust, with World Savings Bank as the beneficiary.  (*Id.* ¶¶ 10-12.)  Between June 2012 and January 2016, Plaintiff sent Defendant a series of loan modification applications pertaining to her mortgage.  (*Id.* ¶¶ 17-37.)  Despite these modification attempts, Defendant recorded a Notice of Default for Plaintiff's loan on August 8, 2013, (*id.* ¶ 19), and a Notice of Trustee's sale on January 8, 2016, (*id.* ¶ 33).  Plaintiff alleges that "[t]o date Plaintiff has received no valid offer o[r] denial for a loan modification in response to her application and subsequent submissions."  (*Id.* ¶ 18; *see also id.* ¶¶ 35-37.)  Plaintiff asserts that she "is now at significant risk of losing her home in foreclosure sale on February 2, 2016 at 10:00 a.m.," (*id.* ¶ 37), but nothing in the record suggests that Plaintiff's home has actually been sold.

   On February 2, 2016, Plaintiff filed this action in California state court asserting that, throughout the loan modification and foreclosure process, Defendant committed numerous violations of the California Homeowner Bill of Rights ("HBOR").  Specifically, Plaintiff set forth claims for (1) violation

---

   [1] Worlds Saving Bank, FSB later became known as Wachovia Mortgage, FSB.  (Notice of Removal ("NOR") at 1.)  Wachovia Mortgage, FSB later became known as Wells Fargo Bank Southwest, N.A.  (*Id.*)  Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") eventually acquired Wells Fargo Bank Southwest, N.A.  (*Id.*)  Defendant was erroneously sued in this action as "Wells Fargo Mortgage."  (*Id.*)

E-FILED – JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-0991-GHK (JPRx) | Date | April 21, 2016 |
|---|---|---|---|
| Title | *Rosa Duarte v. Wells Fargo Mortgage, et al.* | | |

of California Civil Code § 2923.6; (2) violation of California Civil Code § 2924.17; (3) violation of California Civil Code § 2924.10; (4) injunctive relief under California Civil Code §§ 2924.19, 2924.12; and (5) violation of California Business and Professions Code § 17200 ("UCL"). (*See* Compl.) Defendant removed the action on February 12, 2016, asserting that subject matter jurisdiction existed under 28 U.S.C. § 1332. [Dkt. 1.] Plaintiff subsequently filed a First Amended Complaint ("FAC") on March 8, 2016, asserting the same claims from the initial Complaint. [Dkt. 9.] Plaintiff filed the present Motion on March 14, 2016, [Dkt. 13], and Defendant timely opposed, [Dkt. 16].

**II.     Legal Standard**

Remand may be ordered for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") In light of the "strong presumption against removal jurisdiction," a defendant "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted). We "strictly construe the removal statute against removal jurisdiction," *id.*, and "[w]here doubt regarding the right to removal exists, a case should be remanded to state court," *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). A defendant can remove a case from state to federal court only if the case originally could have been filed in federal court. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

**III.    Analysis**

   **A.    Diversity Jurisdiction**

Plaintiff first asserts that diversity jurisdiction is lacking. "Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson*, 319 F.3d at 1090; *see also* 28 U.S.C. § 1332. Plaintiff contends that (1) there is no complete diversity between the Parties because both Parties are California citizens, and (2) Defendant has not met its burden of showing that the amount in controversy is greater than $75,000.

   **1.    Complete Diversity**

Plaintiff, an individual, is a California citizen. (*See* NOR ¶ 2(A)(i).) Defendant is a national banking association. (*See id.* ¶ 2(A)(ii).) "[A] national bank is a citizen only of the state in which its main office is located." *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709 (9th Cir. 2014). Defendant's main office is located in Sioux Falls, South Dakota. (NOR ¶ 2(A)(ii)). Defendant is a citizen of South Dakota for diversity jurisdiction purposes. *See Rouse*, 747 F.3d at 715 ("Wells Fargo is a citizen only of South Dakota, where its main office is located . . . ."). Thus, complete diversity between the Parties exists. Plaintiff's arguments to the contrary are unpersuasive, as they contradict *Rouse*, a binding Ninth Circuit opinion.

E-FILED – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-0991-GHK (JPRx) | Date | April 21, 2016 |
|---|---|---|---|
| Title | *Rosa Duarte v. Wells Fargo Mortgage, et al.* | | |

**2. Amount in Controversy**

In removal cases where the amount in controversy is in doubt, the removing defendant must overcome a "strong presumption" that the plaintiff has not claimed an amount in excess of $75,000. *Gaus*, 980 F.2d at 566. If the amount in controversy is not clear from the face of the complaint, the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Under this burden, the defendant must show that it is "more likely than not" that the plaintiff's claim exceeds the $75,000 minimum. *Id*.

Defendant first asserts that, because Plaintiff seeks an injunction preventing Defendant from conducting foreclosure proceedings on the Property, the value of the Property is the object of the litigation and should be added to the amount-in-controversy calculation. (*See* NOR at 4-6.) Because the value of the Property exceeds $75,000, Defendant contends the requisite amount in controversy is met. Plaintiff argues that the Complaint merely seeks a temporary injunction of the foreclosure pending a loan modification and does not seek a rescission of the loan. (Mot. at 11-12.) Thus, according to Plaintiff, the entire value of the Property should not be included in the amount-in-controversy calculation.

"Courts have roundly rejected the argument that the amount in controversy is the entire amount of the loan where a plaintiff seeks injunctive relief to enjoin a foreclosure sale pending a loan modification." *See Vergara v. Wells Fargo Bank, N.A.*, 2015 WL 1240421, at *2 (C.D. Cal. Mar. 17, 2015) (emphasis omitted); *see also Steele v. J.P. Morgan Chase Bank, N.A.*, 2015 WL 4272276, at *3 (C.D. Cal. July 14, 2015) ("Plaintiffs merely seek a final decision on their loan modification application, and ask the Court to enjoin Defendant from pursuing foreclosure until it has properly complied with HBOR's requirements for loan-modification application review. Thus, the value of the Property itself should not factor into the amount-in-controversy calculus."); *Zavala v. Wells Fargo Bank, N.A.*, 2015 WL 3745041, at *1 (C.D. Cal. June 12, 2015) ("Plaintiffs seek temporary injunctive relief pending 'a true and significant loan modification,' plus various ancillary damages related to Defendant's failure to provide one. Thus, the value of Plaintiffs' original mortgage loan is irrelevant to the amount in controversy." (internal citation omitted)). However, where a plaintiff seeks to permanently enjoin the sale of the property, the value of the property is properly included in the amount-in-controversy calculation. *See Rose v. J.P. Morgan Chase, N.A.*, 2012 WL 892282, at *2 (E.D. Cal. Mar. 14, 2012) (reasoning that the value of a property should be included in the amount-in-controversy calculation where "[o]ne of the remedies requested by plaintiff is a permanent injunction barring [a bank] from initiating or completing any foreclosure proceedings related to the [property]"); *Graham v. U.S. Bank, N.A.*, 2013 WL 2285184, at *3 (N.D. Cal. May 23, 2013) ("Although [plaintiff] seeks a 'good faith loan modification,' he also seeks to enjoin foreclosure and to determine title against defendants. Therefore the property is the object of the litigation and determines the amount in controversy." (internal citation omitted)).

We acknowledge that certain statements in the Complaint are unclear as to whether Plaintiff seeks a permanent or temporary injunction of the foreclosure proceedings on the Property. (*See* Compl.

E-FILED – JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-0991-GHK (JPRx) | Date | April 21, 2016 |
|---|---|---|---|
| Title | *Rosa Duarte v. Wells Fargo Mortgage, et al.* | | |

¶¶ 50 ("Plaintiff seeks an order cancelling the above-identified foreclosure recordings[2] and declaring them void, expunging the NOD and NOTS pertaining to the [Property], and, due to Plaintiff's challenge to the debt itself and Defendant's authority to foreclose, an order declaring the 'tender rule' inapplicable . . . ."); 56 (similar); 67 (requesting that "this court [] grant an injunction enjoining Defendant from conducting further foreclosure activity in particular, recording false, fraudulent Assignments of Deed of Trust, Substitution of Trustee, Notice of Default, Notice of Trustee's Sale and/or conducting a Trustee's Sale of the subject property"); 80 (UCL claim seeking injunctive relief).)

     Nevertheless, the Complaint seeks injunctive relief pursuant to California Civil Code §§ 2924.12 and 2924.19. These sections authorize "a borrower [to] bring an action for injunctive relief to enjoin a material violation of" various parts of the HBOR, but provide that such an injunction shall only "remain in place and any trustee's sale shall be enjoined until the court determines that the mortgage servicer, mortgagee, beneficiary, or authorized agent has corrected and remedied the violation or violations giving rise to the action for injunctive relief." *See* Cal. Civ. Code §§ 2924.12(a)(1)-(2), 2924.19(a)(1)-(2). Thus, it appears that the Complaint only requests a temporary—not permanent—injunction of the foreclosure. *See Vergara*, 2015 WL 1240421, at *2 n.1 (noting that, despite ambiguity in a complaint, there was "no doubt" that the plaintiff sought a temporary injunction because the HBOR "does not authorize permanent injunctive relief, but permits it only until the defendant 'show[s] that the material violation has been corrected and remedied'"). In the Motion to Remand, Plaintiff confirms that the Complaint only seeks temporary injunctive relief. (*See* Mot. at 12 ("Plaintiff is not seeking a permanent injunction . . . .").) Further, the Complaint's prayer only requests injunctive relief in the form of "reformation of Plaintiff's loan agreement and principal reduction pursuant to the HBOR mortgage relief program for California." (Compl., Prayer.) Such a request does not suggest that Plaintiff seeks a permanent injunction prohibiting foreclosure.[3]

---

    [2] These "above-identified foreclosure recordings" appear to be the Notice of Default and the Notice of Trustee's sale.

    [3] The bulk of Defendant's cited cases are distinguishable, as they involve requests to permanently enjoin foreclosures or undo already-consummated sales of property. *See Chapman v. Deutsche Bank Nat'l Tr. Co.*, 651 F.3d 1039 (9th Cir. 2011); *Garfinkle v. Wells Fargo*, 483 F.2d 1074, 1076 (9th Cir. 1973); *Mouri v. Bank of N.Y. Mellon*, 2014 U.S. Dist. LEXIS 170365 (C.D. Cal. Dec. 9, 2014); *Forsythe v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 44031 (C.D. Cal. Mar. 28, 2012); *Rose v. J.P. Morgan Chase*, 2012 WL 892282 (E.D. Cal. Mar. 14, 2012); *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022 (N.D. Cal. 2010); *Reyes v. Wells Fargo Bank, N.A.*, 2010 WL 2629785 (N.D. Cal. June 29, 2010); *Cabriales v. Aurora Loan Servs.*, 2010 WL 761081 (N.D. Cal. Mar. 2, 2010). To the extent that cases such as *Hestrin v. Citimortgage, Inc.*, 2015 U.S. Dist. LEXIS 23547 (C.D. Cal. Feb. 25, 2015); *Gonzales v. Wells Fargo Bank, N.A.*, 2014 WL 5465290 (N.D. Cal. Oct. 28, 2014); *Major v. Wells Fargo Bank, N.A.*, 2014 WL 4103936 (S.D. Cal. Aug. 18, 2014); and *Diamos v. Specialized Loan Servicing LLC*, 2014 WL 3362259 (N.D. Cal. July 7, 2014), are contrary to the conclusions of *Vergara* and similar cases, we find them unpersuasive. Defendant also relies on *O'Connor v. BankUnited*, 594 F. App'x 329 (9th Cir. 2015), but that case contains no information about

E-FILED – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-0991-GHK (JPRx) | Date | April 21, 2016 |
|---|---|---|---|
| Title | *Rosa Duarte v. Wells Fargo Mortgage, et al.* | | |

  Defendant also argues that the value of the loan should be included in the amount-in-controversy calculation because Plaintiff seeks to invalidate the underlying mortgage loan. (NOR at 5.) The Complaint is again unclear as to whether such relief is actually requested. (*See* Compl. ¶¶ 50 (referencing "Plaintiff's challenge to the debt itself and Defendant's authority to foreclose"); 56 (same); *see also id.* ¶¶ 51 (seeking recovery of "all monetary damages proximately caused by Defendant's wrongful foreclosure and sale in violation of HBOR," including "[the] value of the [Property] and Plaintiff's investment in it"); 57 (same).) But, Plaintiff's claims do not authorize an invalidation of the underlying loan, and Plaintiff does not request such invalidation in the Prayer. Plaintiff also specifies in the present Motion that she does not seek "rescission of the mortgage loan." (Mot. at 12.) Accordingly, the loan value is not properly included in our determination of the amount in controversy.

  In sum, the nature of Plaintiff's claims suggests she is not seeking to permanently enjoin foreclosure of the Property or to invalidate the underlying loan. Thus, neither the value of the Property nor the underlying loan should factor into the amount-in-controversy calculation. This is especially true given that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Defendant has therefore failed to show by a preponderance of the evidence that the amount-in-controversy requirement is met in this case.[4] Removal on the basis of diversity was improper.

  **B.**  **Federal Question Jurisdiction**

  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff argues that no federal question jurisdiction is present in this case. (Mot. at 12-13.) Defendant does not dispute this argument. (*See* Opp'n at 7 ("Wells Fargo's Notice of Removal was based on diversity jurisdiction, and did not assert jurisdiction based on federal question.").) Federal question jurisdiction therefore does not provide a basis for removal.

**IV.**  **Conclusion**

---

the specific allegations of the complaint, and thus we cannot determine whether the case is analogous or distinguishable. Defendant further cites *Taguinod v. World Savings Bank, FSB*, 755 F. Supp. 2d 1064 (C.D. Cal. 2010), but that case does not discuss subject matter jurisdiction at all, let alone the amount-in-controversy requirement.

  [4] To the extent that Defendant argues that attorney's fees and costs, compensatory, special, and general damages would exceed $75,000, (*see* NOR at 6), it fails to provide sufficient support for this conclusory assertion. Defendant has also failed to prove that a modification in Plaintiff's loan or statutory damages under the HBOR would meet the requisite amount in controversy. (*See id.*)

E-FILED – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-0991-GHK (JPRx) | Date | April 21, 2016 |
|---|---|---|---|
| Title | *Rosa Duarte v. Wells Fargo Mortgage, et al.* | | |

    Defendant has failed to establish that we have subject matter jurisdiction over this action, and removal was improper. We thus **GRANT** Plaintiff's Motion and **REMAND** this action to the state court from which it was removed. The clerk shall effectuate such remand forthwith.

    Defendant's Motion to Dismiss the First Amended Complaint, [Dkt. 14], is **DENIED without prejudice** to its reassertion in state court. The hearing set for Monday, April 25, 2016 at 9:30 a.m. is **VACATED** and **TAKEN OFF CALENDAR**.

    **IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
| | Initials of Deputy Clerk | | Bea |